In the Matter of ISIDORE GINSBERG, an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 3, 1958.

*Frederick H. Block* of counsel (*Frank H. Gordon,* attorney), for petitioner.

*Isidore Ginsberg,* respondent in person.

*Per Curiam.* This application for reinstatement to the Bar was brought by Isidore Ginsberg, an attorney admitted to practice in 1921. The Association of the Bar opposes the application and moves to have applicant's name stricken from the roll of attorneys and counsellors at law.

In 1948, applicant was convicted on a charge of grand larceny by a jury in the County Court, Queens County. That conviction was subsequently reversed on the law by the Appellate Division in the Second Department, but in so reversing the Appellate Division affirmed the findings of fact (*People* v. *Ginsberg,* 274 App. Div. 1007). Applicant was never retried and although automatically disbarred because of the original conviction, his name was not stricken from the rolls. However, the Court of Appeals said (1 N Y 2d 144, 147) : '' We conclude that respondent was *ipso facto* disbarred by the conviction, that the reversal did not automatically restore him to the Bar and that his remedy is to apply for reinstatement.''

Applicant having applied for reinstatement, the matter was referred to a Referee who, after hearing, has recommended denial of the application.

Applicant urges primarily that the Referee had no right to consider any acts of his other than those which led to his conviction, and also that it was not his burden to prove good moral conduct but that it was the burden of the Bar Association to show that he was unfit to remain a member of the Bar. Tested by any standard, the evidence is clear and overwhelming that the applicant is unfit to be a member of the Bar. It should be noted that the Appellate Division affirmed the facts on which the jury found him guilty of grand larceny. But even if we were to accept applicant's version of the facts in the criminal proceeding, it is clear that his conduct was wholly improper for a member of the Bar. Considering the record before us on that aspect alone and disregarding all the other matters considered by the Referee, it seems clear that the Referee's recommendation should be followed.

Apart from that, however, we have a long record of charges and complaints against this applicant, too numerous to detail.

138

His business conduct would be inexcusable for a businessman, but for a lawyer it can only receive the severest condemnation. The record is replete with complaints against applicant to the Queens County Bar Association; various questionable business transactions involving the unlawful retention of money; the issuance of checks against insufficient funds and a number of unpaid judgments against himself and his wholly owned corporation. Applicant's contention that if there was any blame it was not his but rather that of the corporation through which he did business cannot be accepted. He should not be permitted to escape responsibility for his acts while a member of the Bar by hiding behind his corporation. Moreover, many of the charges that were made against him disclose facts indicating that he violated his trust as a lawyer.

We find that the recommendation of the Referee is amply sustained by the evidence presented and reach the conclusion that applicant's conduct, as judged in the light of this record, is such as to render him wholly unfit to retain his membership in the legal profession.

Accordingly, the application for reinstatement should be denied and the applicant's name stricken from the roll of attorneys and counsellors at law.

BOTEIN, P. J., RABIN, McNALLY, STEVENS and BERGAN, JJ., concur.

Application denied.